UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-15(7) (NEB/DTS)

UNITED STATES OF AMERICA,

               Plaintiff,

v.

GANDI YUSUF MOHAMED,

               Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and the defendant Gandi Yusuf Mohamed agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges**. The defendant agrees to plead guilty to Count 30 of the Superseding Indictment, which charges the defendant with money laundering, in violation of Title 18, United States Code, Section 1957. The defendant fully understands the nature and elements of the crimes with which he has been charged. At the time of sentencing, the United States agrees to move to dismiss the remaining charges against him in the Superseding Indictment. In consideration for the defendant's plea of guilty, the government agrees it will not pursue additional charges against the defendant for any matters presently under investigation by the United States Attorney's Office for the District of Minnesota.

1

nonetheless received and accepted $1,389,500 of Federal Child Nutrition Program funds from his co-defendants.

Mr. Mohamed used the criminal proceeds he received from his co-defendants to engage in monetary transactions involving more than $10,000, including the transaction alleged in Count 30 of the Superseding Indictment. That is, on April 30, 2021, Mr. Gandi electronically transferred $14,509 of criminally derived property from a bank account owned by GAK Properties LLC to a bank account owned by 403 Union Street LLC, for the payment of a contract-for-deed for the property located at 720 East Lake Street, in Minneapolis, Minnesota.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of the plea agreement, and based upon concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed to the extent they remain *sub judice*.

4. **Waiver of Constitutional Trial Rights**. The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has

3

U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that he be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

8.  **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

   a.  Base Offense Level. The parties agree that the base offense level for money laundering is **22** because the amount laundered was more than $550,000 but less than $1,500,000. U.S.S.G. § 2S1.1(a)(2) and 2B1.1(b)(1)(H).

   b.  Specific Offense Characteristics. The parties agree that the offense level should be increased by **1 level** because the defendant's charge of conviction is 18 U.S.C. § 1957. U.S.S.G. § 2S1.1(b)(2)(A).

   c.  Chapter 3 Adjustments. The parties agree that, other than credit for acceptance of responsibility, no other Chapter 3 adjustments apply.

   d.  Acceptance of Responsibility. The government agrees to recommend that the defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Whether this reduction will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendation is conditioned upon the following: (1) the defendant testifies truthfully during the change-of-plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance

5

applicable guideline factors and the applicable criminal-history category. The Court may also depart from the applicable Guidelines. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, such a determination shall not provide a basis for the parties to withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10.    **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw him guilty plea.

11.    **Special Assessment**. The Sentencing Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. The defendant agrees that the special assessment is due and payable at the time of sentencing.

12.    **Restitution Agreement**. The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of his crime. The defendant understands and agrees the Court may order the defendant to make restitution to any victim of the scheme regardless of whether the victim was named

7

The United States reserves the right to seek a money judgment forfeiture, forfeiture of directly forfeitable assets, and forfeiture of substitute assets.

The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge (including direct appeal, habeas corpus, or any other means) such forfeiture, directly or through any company he owns or controls, on any grounds. Nothing herein limits defendant's right to the accurate determination of forfeiture and to present evidence and argument to the district court.

15.    **Waivers of Appeal and Collateral Attack.** The parties hereby waive the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to:  the issue of the defendant's guilt or innocence, any issues relating to the negotiation, taking or acceptance of the guilty plea, the sentence imposed or any issues that relate to the calculation of the Guidelines range, the supervised-release term and conditions imposed, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above the top of the Guidelines range, and an appeal by the government of the substantive reasonableness of a term of imprisonment below the bottom of the Guidelines range.

The defendant also waives the right to collaterally attack him conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. This collateral-review waiver does not operate to waive a collateral

9

legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

Dated:   April 8, 2026

DANIEL N. ROSEN
United States Attorney

BY:
REBECCA E. KLINE
MATTHEW C. MURPHY
MATTHEW D. EVANS
Assistant United States Attorneys

Dated: 04/03/2026

GANDI YUSUF MOHAMED
Defendant

Dated:  4/3/26

NICHOLAS KAIZER
MARIEL LASASSO
Counsel for Ms. Mohamed